UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY PLOTNICK,<br><br>                            **Plaintiff,**<br><br>v.<br><br>COMPUTER SCIENCES<br>CORPORATION DEFERRED<br>COMPENSATION PLAN FOR KEY<br>EXECUTIVES, et al.,<br><br>                            **Defendants.** | Civ. No. 14-cv-303 (KM)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the Report and Recommendation ("R&R") (Dkt. No. 37) of the Honorable Cathy L. Waldor, United States Magistrate Judge, recommending that the Defendants' motion to transfer venue be granted. For the reasons set forth below, the R&R is adopted and the transfer motion is granted.

## I. BACKGROUND

This opinion assumes familiarity with the facts of this case and the contents of Magistrate Judge Waldor's R&R. I summarize briefly.

The plaintiff, Jeremy Plotnick, is a former employee of defendant Computer Sciences Corporation ("CSC"). Plotnick maintains residences in Jacksonville, Alabama, and Atlantic City, New Jersey. CSC is headquartered in Falls Church, Virginia. On January 15, 2014, Plotnick filed a putative class action lawsuit alleging that CSC violated the Employee Retirement Income Security Act of 1974 ("ERISA") by retroactively applying an amendment to the benefits plan in which he participates. (Compl., ¶¶1-6, 33-101, Dkt. No. 1)

1

On March 21, 2014, the defendants moved to transfer venue to the Eastern District of Virginia. (Dkt. Nos. 12, 13) In an R&R issued on December 23, 2014, Magistrate Judge Waldor found that the defendants had made the requisite showing under 28 U.S.C. §1404(a) in support of the transfer, and accordingly recommended that this Court grant the Defendants' motion. On January 9, 2015, Plotnick filed an objection to the R&R (Dkt. No. 41). The defendants filed their opposition on January 23, 2015 (Dkt. No. 42), and Plotnick filed a reply on February 2, 2015 (Dkt. No. 43).

## II.  DISCUSSION

### A. Legal Standard

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is "a non-dispositive pretrial matter." *Ltd. V. ConAgra Food Packaged Foods Co.*, 2008 WL 5169118, at *1 (D.N.J. Dec. 8, 2008). A district court may reverse a magistrate judge's ruling on a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); *Cipollene v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948). Ultimately, however, the standard of review is not critical; I have reviewed Judge Waldor's well-reasoned R&R and find myself in agreement with it.

### B. Discussion

Pursuant to 28 U.S.C. § 1404, a court may transfer a civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more

2

convenient than the present forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis. *Commodity Futures Trading Comm'n v. Perkins*, 2007 WL 2122029, at *3 (D.N.J. July 18, 2007).

Section 1404 requires a two-pronged analysis. The threshold inquiry is whether the proposed forum is one in which Plaintiff could have originally brought suit. Next, the Court must consider whether transfer would be in the interest of justice as well as the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a). In deciding motions to transfer venue, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice)." *Jumara*, 55 F.3d at 879. In addition, courts consider other relevant public and private interests:

> The private interest factors incorporate the preferences of the parties in the context of the litigation, and include (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose. The second category analyzes the public interest including (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.

*Mendoza v. U.S. Custom & Border Protection*, 2007 WL 842011, at *3 (D.N.J. March 19, 2007) (citing *Jumara*, 55 F.3d at 879) (internal citations omitted).

I find that Judge Waldor correctly applied these factors, and that *a fortiori* her application of them was not clearly erroneous or contrary to law.

First, this action could have been brought in the Eastern District of Virginia. Actions arising under ERISA "may be brought in the district where the plan is administered, where the breach took place, or where a defendant may be found." 29 U.S.C. § 1132(e)(2). Here, the Defendants submitted declarations

stating that transfer to the Eastern District of Virginia is warranted because the benefits plan that is the subject of this litigation was administered from CSC's headquarters in Falls Church, Virginia, which lies in that district. Magistrate Judge Waldor therefore rightly determined that Plotnick could have brought his suit there. (R&R, Dkt. No. 37, at 3)

Second, the private factors weigh in favor of transfer. Plotnick argues that the R&R fails to afford sufficient weight to his choice of forum given that a significant portion of his tenure at CSC occurred while he was a New Jersey, that he participated in the benefits plan in question while he was a New Jersey resident, and that he continues to maintain a part-time residence in the state. But as Magistrate Judge Waldor noted, Plotnick moved his permanent residence to Alabama in August 2009. (*Id.* at 4) The R&R concluded that his "diminished presence" in New Jersey "weighs in favor of transfer," and I agree. (*Id.*) Although the plaintiff's choice of venue generally militates against transfer, less deference may be appropriate where, as here, the plaintiff does not sue in his home forum. See *Liggett Grp. Inc. v. R.J. Reynolds Tabacco Co.*, 102 F. Supp. 2d 518, 530 (D.N.J. 2000). That is especially the case here, where the central facts of this litigation—the administration and amendment of the benefits plan—arose elsewhere and the plaintiff is suing on behalf of a putative class. Both factors cut against Plotnick's preference for this district. See *In re Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320, 323-24 (D.N.J. 1998) ("The plaintiff's interest decreases even further where the central facts of a lawsuit occur outside the chosen forum.") (internal quotations omitted); *Santomenno v. Transamerica Life Ins. Co.*, 2012 WL 1113615, at *5 (D.N.J. Mar. 30, 2012) (stating the courts give less deference to a plaintiff's choice of a forum in a putative class action because "the participation of the class representative is generally minimal" and "the potential members of the class will likely be scattered across the United States"). Furthermore, as the R&R states, the majority of CSC's employees, documents, and revenue are located or derive from operations in Virginia. (R&R, at 5) Likewise, of the 137 plan participants

who are the members of the putative plaintiff class, 26 reside in Virginia, while only 7 reside in New Jersey. (*Id.*) In light of these factors, the R&R validly concluded that the private *Jumara* factors support transfer. (*Id.* at 6)

Finally, the public factors announced in *Jumara* do not cut against the R&R's conclusion that transfer is appropriate. I agree with the R&R that the first of those factors—whether there are practical considerations which could make the litigation easier and more expeditious, or less expensive—weighs heavily in favor of transfer, given that the Defendants' operations are concentrated in proximity to the Eastern District of Virginia. (*Id.*) I also agree that the remaining factors are essentially neutral and do not clearly support venue in either of the potential forums. Therefore, I find no error in the R&R's assessment of the public factors.

The decision of whether to transfer a case is one that is "committed to the trial court's sound discretion." *Prudential Ins. Co. of Am. v. Brimberry*, 2013 WL 5340378, at *2 (D.N.J. Sept. 23, 2013) After reviewing the record, I cannot conclude that "a mistake has been committed" in Magistrate Judge Waldor's exercise of that discretion. *See Gypsum Co.*, 333 U.S. at 395. And I choose to exercise my own discretion in the same manner.

### III. CONCLUSION

For the reasons stated above, the R&R is adopted and the Defendants' motion to transfer venue is granted. An appropriate order will issue.

_____
KEVIN MCNULTY, U.S.D.J.

Dated: August 7, 2015